CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

CELSO REYES SORTO, on behalf of himself and others similarly situated,

        Plaintiff,

 -against-

WINEDOWN INCORPORATED d/b/a DON POLLO, SAUL B. SALAZAR, and FRANCISCO SALAZAR,

        Defendants.
-----------------------------------------------------------------------X

Case No. 22-CV-7350

FLSA COLLECTIVE
<u>ACTION COMPLAINT</u>

**Jury Trial Demanded**

Plaintiff, CELSO REYES SORTO (hereinafter, "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against WINEDOWN INCORPORATED d/b/a DON POLLO ("WINEDOWN INCORPORATED"), SAUL B. SALAZAR, and FRANCISCO SALAZAR (collectively, the "Individual Defendants") (WINEDOWN INCORPORATED and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants:

(a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hours" premiums for each day that his shift exceeded ten (10) hours, (c) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Queens County, New York.

6. Defendant, WINEDOWN INCORPORATED, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 29-03 Broadway, Astoria, New York 11106.

7. Defendant, WINEDOWN INCORPORATED, owns and operates a restaurant doing business as "Don Pollo," located at 29-03 Broadway, Astoria, New York 11106 (hereinafter, the "Restaurant").

2

8. Defendant, SAUL B. SALAZAR, is an officer, shareholder, principal, owner, director, supervisor, and/or managing agent of WINEDOWN INCORPORATED who actively participates in the day-to-day operation of the Restaurant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with WINEDOWN INCORPORATED.

9. Defendant, FRANCISCO SALAZAR, is a manager and supervisor of WINEDOWN INCORPORATED who actively participates in the day-to-day operation of the Restaurant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with WINEDOWN INCORPORATED.

10. The Individual Defendants jointly exercised control over the terms and conditions of Plaintiff's employment in that they have the power to and do in fact: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

11. The Individual Defendants are present on the premises of the Restaurant on a daily basis, actively supervise the work of the employees, and mandate that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by them.

12. During all times relevant to the allegations herein, Defendant WINEDOWN INCORPORATED was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce, or that handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.

13. Plaintiff was employed to work at the Restaurant as a non-exempt dishwasher, food preparer/kitchen helper, and occasional food delivery worker.

14. The work performed by Plaintiff was directly essential to the business operated by Defendants.

15. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

16. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premiums in direct contravention of the New York Labor Law.

17. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

18. The Individual Defendants actively participate in the day-to-day operation of the Restaurant. For instance, the Individual Defendants personally hire and fire employees, supervise and direct the work of the employees, and instructed the employees how to perform their jobs.

19. The Individual Defendants jointly create, approve, and implement all crucial business policies, and jointly make decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

20. On or about November 14, 2021, Defendants hired Plaintiff to work at the Restaurant as a non-exempt dishwasher, food preparer/kitchen helper, and occasional food delivery worker.

21. Neither at the time of Plaintiff's hire nor any time thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay, any tip credits taken against his hourly rate, and his corresponding overtime rate of pay.

22. Plaintiff worked in those capacities for Defendants until on or about November 13, 2022.

23. Plaintiff was required to punch a time clock or other time-recording device at the start and end of each work shift.

24. From the beginning of his employment and continuing through in or about November 2021, Plaintiff worked four (4) days per week (workdays varied) and, although his work shift fluctuated slightly each day, his work schedule typically consisted of ten (10) hours per day from 2:00 p.m. until 12:00 a.m.

25. Beginning in or about December 2021 and continuing through on or about October 16, 2022, Plaintiff worked six (6) days per week (off day varied) and, although his work shift fluctuated slightly each day, his work schedule typically consisted of twelve (12) hours per day from 12:00 p.m. until 12:00 a.m.

5

26. Beginning on or about October 17, 2022 and continuing through the remainder of his employment on or about November 13, 2022, Plaintiff worked four (4) days per week (off day varied) and, although his work shift fluctuated slightly each day, his work schedule typically consisted of twelve (12) hours per day from 11:30 a.m. until 11:30 p.m.

27. Plaintiff was not paid proper overtime compensation. Throughout the entirety of Plaintiff's employment, Plaintiff was paid, by company check (non-payroll check), at the rate of $15 per hour straight time for all hours worked and worked between forty (40) and seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

28. Upon paying Plaintiff his wages, Defendants failed to furnish Plaintiff with a written wage statement listing hours worked, gross wages, deductions, and net wages.

29. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

30. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees a "spread of hours" premium for each day that their work shift exceeded ten (10) hours in a single day, in direct

6

violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

31. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since December 5, 2019 through the end of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

33. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

34. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields

7

of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

35. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

36. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

37. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e. Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

38. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

39. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

40. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41. At all relevant times, WINEDOWN INCORPORATED was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

43. At all times relevant to the allegations herein, Defendant WINEDOWN INCORPORATED had gross revenues in excess of $500,000.

44. Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

45. Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

46. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

47. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in

excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

48. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

49. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

50. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

51. Due to Defendants' reckless, willful and unlawful acts, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

52. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

53. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "52" of this Complaint as if fully set forth herein.

54. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

55. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

56. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

57. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay a "spread of hours" premium to Plaintiff for each day that his work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

58. Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

59. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing hours worked, gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

60. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

12

61. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

62. Neither at the time of his hiring, nor anytime thereafter, did Defendants notify Plaintiff in writing of his regular and overtime rates of pay and his regularly designated payday, in contravention of New York Labor Law § 195(1).

63. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

64. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff CELSO REYES SORTO respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d)  An award of liquidated damages as a result of Defendants' failure to pay overtime compensation, pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e)  An award of statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)  An award of prejudgment and post-judgment interest;

(g)  An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(h)  Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       December 5, 2022

                            Respectfully submitted,

                            CILENTI & COOPER, PLLC
                            *Attorneys for Plaintiff*
                            60 East 42nd Street – 40th Floor
                            New York, NY 10165
                            T. (212) 209-3933
                            F. (212) 209-7102

                            By: _____
                                Giustino (Justin) Cilenti

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Celso Reyes Sorto, am an employee currently or formerly employed by Don Pollo, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
November 18, 2022

_____
Celso Reyes Sorto